J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
GABRIEL P. HERRERA, State Bar #287093
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Creditor
Sandy McPherson

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:

3616 ASSOCIATES, LLC,

    Debtor in Possession.

Case No. 13-55244-ASW

Chapter 11

**BRIEF IN SUPPORT OF OBJECTION TO MOTION TO VALUE COLLATERAL AND AVOID LIEN**

Date: May 9, 2014
Time: 3:00 p.m.
Judge: Honorable Arthur S. Weissbrodt
Place: 280 S First Street, Courtroom 3020
San Jose, CA 95113

## INTRODUCTION

Creditor SANDY McPHERSON ("McPherson"), submits this brief in support of her objection to 3616 ASSOCIATES, LLC's ("Debtor") motion to avoid her lien against the rents, issues and profits of 2194 White Sands Drive, South Lake Tahoe, California 96150 ("2194 White Sands Drive"). In its supporting brief, the Debtor asserts two reasons why the lien should be avoided: (1) the assignment of rents has not been perfected; and (2) the equities of the case support avoidance of the lien. As detailed below, the Debtor misunderstands both the law and the equities of the case.

## FACTUAL BACKGROUND

The essential facts are not in dispute. In September 2005, McPherson lent $250,000 to the Debtor, secured by a deed of trust and assignment of rents recorded in El Dorado County on October

1

5, 2005. The collateral described in McPherson's deed of trust consists of 2194 White Sands and "the rents, issues and profits thereof." In February 2006, the Debtor borrowed $1.6 million from Washington Mutual Bank, FA ("WMB"), secured by a deed of trust recorded in El Dorado County on February 22, 2006. The collateral described in WMB's deed of trust consists of 2194 White Sands Drive only, with no assignment of rents.

## ARGUMENT

### I. Avoidance of McPherson's Assignment of Rents Is Improper Because the Assignment of Rents Was Perfected upon Recordation of McPherson's Deed of Trust.

The Debtor relies on *United States v. Redevelopment Agency*, 926 F.Supp. 928 (N.D. Cal. 1995) for the Debtor's assertion that McPherson's lien has not been perfected. Citing *United States*, the Debtor contends that perfection of an assignment of rents requires that the creditor obtain possession of the underlying real property or obtain the appointment of a receiver to collect the rents. However, the Debtor fails to recognize that the law with respect to perfection of an assignment of rents has changed since *United States* and in fact has been codified by statute.

California Civil Code Section 2938(b) expressly provides that "(1) the assignment [of rents] shall be deemed to give constrictive notice of the content of the assignment with the same force and effect as any other duly recorded conveyance of an interest in real property and (2) ***the interest granted by the assignment shall be deemed fully perfected as of the time of recordation*** with the same force and effect as any other duly recorded conveyance of interest in real property . . . ." Emphasis added. This is true regardless of whether the assignment of rents is considered absolute, conditional absolute, or a collateral assignment for additional security. Cal.Civ.Code § 2938(a). Taking possession of the real property or having a receiver appointed are remedies available to the creditor upon default, not the basis of perfection. Cal.Civ.Code § 2938(c)(1)-(2). Indeed, even the court in *United States* recognized that under Civil Code Section 2938, "assignments as additional security executed on or after January 1, 1992, are perfected by recordation alone." *United States*, 926 F.Supp. at 932. fn. 3. The assignment of rents executed in *United States* was executed before 1992. *Id.* at 930-31. The assignment of rents in the case at bar was executed in 2005. Thus, recordation of McPherson's deed of trust was sufficient to perfect her assignment of rents.

## II. The Equities of the Case Support McPherson's Claim Against the Rents Because Enforcing Her Assignment of Rents Would Not Lead to an Unjust Improvement of Her Position.

The Debtor contends that the equities of the case as considered under 11 U.S.C. Section 552 require that McPherson's assignment of rents be disregarded because otherwise "her lien is turned from a second position lien, into first position." Debtor's Brief, pg. 8, lines 1-2. However, as noted above, McPherson's assignment of rents is not a junior lien. Admittedly, McPherson's security against the real property itself is a junior lien, but an assignment of rents is additional security separate and distinct from the underlying real property. *Hodges v. Mark*, 49 Cal.App.4th 651, 656 (1997). "[T]he equities of the case proviso is a legislative attempt to address those instances where expenditures of the estate enhance the value of proceeds which, if not adjusted, would lead to an **unjust** improvement of the secured party's position." *Toso v. Bank of Stockton (In re Toso)*, 2007 Bankr. LEXIS 4889, 41-42 (9th Cir. BAP 2007), quoting *In re Cross Baking Co.*, 818 F.2d 1027, 1033 (1st Cir. 1987). Emphasis added. The provision is in part intended to prevent secured creditors from receiving windfalls. *In re Patio & Porch Sys.*, 194 B.R. 569, 575 (Bankr. D. Md. 1996). Recognizing McPherson's perfected assignment of rents would not somehow unjustly enhance her position, as she is already in a senior position, and it would fall far short of a windfall. Indeed, in considering the equities of the case, it should be remembered that McPherson is already suffering hardship by having her security against the underlying real property avoided. This case is over 6 months old, and the Debtor has yet to obtain a court order or McPherson's consent authorizing its use of the cash collateral rents, as required under 11 U.S.C. Section 363(c)(2). The Debtor should not be allowed to continue disregarding McPherson's cash collateral rights and the Bankruptcy Code's provisions protecting the same, particularly under a weighing of equities.

## CONCLUSION

Based on the above, McPherson requests that the motion be denied with respect to McPherson's senior lien claim to the rents.

Dated: April 11, 2014            **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: /s/ J. LUKE HENDRIX
J. LUKE HENDRIX
Attorneys for Sandy McPherson, Creditor

BRIEF IN SUPPORT OF OBJECTION TO MOTION TO VALUE COLLATERAL AND AVOID LIEN