David S. Henshaw SBN 271226
HENSHAW LAW OFFICE
1871 The Alameda
Suite 333
San Jose, CA 95126
(408) 533-1075
(408) 583-4016 Fax

Attorney for Debtor in Possession
3616 ASSOCIATES, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>3616 ASSOCIATES, LLC,<br><br>    Debtor in Possession. | CASE NO. 13-55244 ASW<br><br>Chapter 11<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO VALUE COLLATERAL AND AVOID LIEN**<br><br>Date: May 9, 2014<br>Time: 3:00 p.m.<br><br>Judge: Honorable Arthur S. Weissbrodt<br><br>Place: 280 S First Street, Courtroom 3020<br>       San Jose, CA 95113 |

    A.    <u>**Debtor concedes that United States v. Redevelopment Agency is based on old law.**</u>

    Creditor's Opposition points to the fact that Debtor's reliance on *United States v. Redevelopment Agency*, 926 F.Supp. 928 (N.D. Cal. 1995), is misplaced. Debtor recognizes that California Civil Code § 2938 has since been revised. Debtor no longer seeks avoidance of Creditor's lien based on the facts and analysis of this case.

___

Reply Brief in Support of Motion to Value Collateral and Avoid Lien
*In re: 3616 Associates, LLC*
Page 1 of 2

1

### B. The natural consequences of Creditor retaining her lien is that Debtor has no ability to create a reorganization plan in this case.

As stated in Debtor's initial Brief, under section 552(b)(1) an entity with a valid security interest in proceeds in property is entitled to have that interest enforced, "except to any extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise." 11 U.S.C. § 552(b)(1). Under this standard, a Bankruptcy Court is required to "strike the proper balance between the rights of the secured creditor and the rehabilitative goals of the Code." *In re Helicopter Corp.*, 63 B.R. 515, 522 (Bankr. E.D.N.Y. 1986).

The goal of this case is to provide Debtor an opportunity to come out of this Chapter 11 bankruptcy with a viable plan of reorganization. Should Creditor maintain her position that she is entitled to rents in this case, a reorganization is simply not possible. Debtor needs the rents, and those rents so far have been minimal based on the climate in Lake Tahoe, to satisfy the requirements of a reorganization. Those costs include payment on the first mortgage, property taxes, regular property expenses, repairs, and insurance. If Creditor, as an otherwise wholly unsecured creditor can retain all the rents of the subject property, no reorganization is possible.

Dated: April 25, 2014                              HENSHAW LAW OFFICE

/s/ David S. Henshaw
David S. Henshaw Attorney for
Debtor in Possession 3616
ASSOCIATES, LLC