

IT IS SO ORDERED.
Signed May 8, 2014

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 13-55244-ASW |
| | Chapter 11 |
| 3616 ASSOCIATES, LLC, | |
| | Hearing Date: May 9, 2014 |
| Debtor. | Hearing Time: 3:00 p.m. |

**TENTATIVE DECISION RE: MOTION TO VALUE
COLLATERAL AND AVOID LIEN**

Before the Court is Debtor's Motion to Value Collateral and Avoid Lien. Debtor, which is represented by attorney David Henshaw, seeks to avoid the second position lien of Creditor Sandy McPherson on Debtor's real property at 2194 White Sands Drive, South Lake Tahoe, CA (the "Property"). Creditor, who is represented by attorney J. Russell Cunningham, does not oppose avoidance of Creditor's lien on the Property, but contends that Creditor retains a lien in the post-petition rents derived from the Property.

The parties have submitted supplemental briefing regarding Creditor's lien in the rents. Debtor concedes that under Cal. Civ. Code § 2938, the recording of Creditor's deed of trust with assignment of rents perfected Creditor's lien in the rents, and

because the deed of trust granted to the first lienholder does not contain an assignment of rents, Creditor has a first priority lien in the rents.

However, Debtor asks that the Court order that Creditor be prohibited from collecting the rents pursuant to § 552(b)(1), which provides:

> [I]f the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, products, offspring, or profits of such property, then such security interest extends to such proceeds, products, offspring, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law, <u>except to any extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise</u>.

The purpose of this "equities of the case" provision is to prevent an oversecured lender from receiving a windfall by taking assets that would otherwise go to rehabilitating the debtor. Section 552(b) is normally relevant in Chapter 11, "to prevent a secured creditor from reaping benefits from collateral that has appreciated in value as a result of the trustee/debtor-in-possession's use of other assets of the estate." <u>In re Tower Air, Inc.</u>, 397 F.3d 191, 205 (3d Cir. 2005). Another Circuit Court of Appeals, after analyzing the legislative history of § 552(b), concluded that

> the "equities of the case" proviso is a legislative attempt to address those instances where expenditures of the estate enhance the value of proceeds which, if not adjusted, would lead to an unjust improvement of the secured party's position. In such cases Congress intended for courts to limit the secured party's interest in the proceeds according to the equities of the case so as to avoid prejudicing the unsecured creditors.

<u>In re Cross Baking Co., Inc.</u>, 818 F.2d 1027, 1033 (1st Cir. 1987).

Case: 13-55244   Doc# 52   Filed: 05/08/14   Entered: 05/08/14 13:26:24   Page 2 of 5

2

Debtor argues that if Creditor is allowed to collect the rents from the property, the Debtor is unlikely to be able to reorganize. In such a case, Debtor predicts that the first lienholder will foreclose and Creditor will get nothing. Debtor notes that the rents are needed to pay the first mortgage, property taxes, regular property expenses, repairs and insurance on the Property.

Creditor argues that permitting Creditor to enforce her security interest in the rents would not result in an unjust enhancement of her position or a windfall, as she is already in a senior position on the rents and is suffering a hardship by having her security interest in the property avoided, and Debtor has not obtained an order authorizing the use of cash collateral.

The Court finds that the equities of the case do not warrant limiting Creditor's enforcement of her security interest in the rents. Debtor has cited no cases, anywhere in the country, where § 552(b)(1) was implemented in facts such as those presented here. Based on Debtor's schedules, the only general unsecured claims in this case other than Ms. McPherson are the undersecured portions of the secured claims held by Chase Bank and Tahoe Keys Property Owner's Association.

Debtor's expenditures in maintaining the Property, which is the only asset in the estate, are arguably necessary to enhance the value of the Property. However, Creditor's use of the rents would not lead to an <u>unjust</u> improvement in her position.

In light of the foregoing, the Court finds that Creditor is entitled to enforce her security in the rents from the Property.

///

This is a Tentative Decision. The parties may argue the matter at the hearing set for May 9, 2014 at 3:00 p.m.

**\*\*\* END OF TENTATIVE DECISION \*\*\***

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | David Henshaw<br>Attorney for Debtor |
| 4 | Via ECF |
| 5 | |
| 6 | J. Russell Cunningham<br>Attorney for Creditor |
| 7 | Via ECF |