David S. Henshaw SBN 271226
HENSHAW LAW OFFICE
1871 The Alameda
Suite 333
San Jose, CA 95126
(408) 533-1075
(408) 583-4016 Fax

Attorney for Debtor in Possession
3616 ASSOCIATES, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>3616 ASSOCIATES, LLC,<br><br>    Debtor in Possession. | CASE NO. 13-55244 ASW<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL OF CHAPTER 11 CASE**<br><br>Date: August 28, 2014<br>Time: 1:15 p.m.<br>Place: 280 S. First Street, Courtroom 3020<br>       San Jose, CA 95113<br><br>Judge: Honorable Arthur S. Weissbrodt |

### I. INTRODUCTION

Debtor in Possession 3616 ASSOCIATES, LLC ("Debtor") request this Court dismiss its Chapter 11 case, pursuant to 11 U.S.C. § 1112(b)(4)(J), based on its inability to create a confirmable plan.

///

///

## II.  FACTUAL BACKGROUND

On October 2, 2013, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Debtor is a single member LLC. Debtor is the owner of only one asset, a single family residential property located at 2194 White Sands Drive, South Lake Tahoe, California 96150 (the "Property"). The Property has been utilized from the commencement of this case as solely a vacation rental property.

The value of the Property is likely approximately $1,500,000. Even with that value, the Property is significantly below the value of the secured debt against the Property. Chase holds the first mortgage against the Property, in an amount over $2,200,000. Further, secured creditor Sandy McPherson ("McPherson") maintains a second lien against the Property in an amount over $250,000 (although the Court issued an order on June 4, 2014, based on a stipulation between Debtor and McPherson based on the treatment of McPherson's secured claim in this case).

Debtor was hoping to work out a settlement through this case on the first loan on the Property with Chase. However, as Chase's attorney has specified to this Court at the most recent Status Conference, it is not willing to entertain any settlement offers on the Property. The reason that Chase has stated its reluctance to enter into any such agreement is that the first loan on the Property is between Chase and Jeff Wyatt, the principal owner of Debtor, and not between Chase and Debtor.

Given Chase's stance, and the continuing costs of this Chapter 11 case, Debtor seeks to have this case dismissed, as it is not, without Chase's willingness to enter into any agreement on the treatment of Chase's claim with Debtor, able to formulate a plan of reorganization.

## III.  DISCUSSION/ANALYSIS

Dismissal or conversion of a Chapter 11 case requires a two-step analysis; first, whether cause exists to dismiss or convert the case; and second, determination of which, either dismissal or conversion, is in the "best interests of the creditors and the estate." *In re AVI, Inc.*, 389 B.R. 721, 729 (9th Cir. B.A.P. 2008).

/ / /

### A. Cause exists for dismissal of Debtors' Chapter 11 Case

11 U.S.C. § 1112(b) provides that a Chapter 11 case may be dismissed for cause. Cause exists to dismiss the above-captioned matter in that Debtor is currently unable to present to this Court a viable and confirmable plan of reorganization under the Bankruptcy Code. Because Debtor is not the borrower on the first loan with Chase, and because Chase is not willing to settle with Debtor on treatment of Chase's claim in this case, Debtor is unable to create a plan to service this secured debt.

### B. Dismissal of Chapter 11 case in the best interests of the creditors and the estate

Dismissal of this Chapter 11 case is in the best interests of the creditors and the estate because conversion to a Chapter 7 serves no purpose to creditors. Debtor's sole asset that is undersecured by approximately $700,000. Further, any potential funds that Debtor may have in its possession from the rents of the property are subject to McPherson's lien on the property for rents. Therefore, conversion to Chapter 7 would only serve to add additional costs to Debtor, creditors, and all other interested parties.

### IV. CONCLUSION

For the aforementioned reasons, cause exists for the dismissal of Debtor's Chapter 11 case, and dismissal is in the best interests of creditors and the estate alike. Therefore, the Court should grant dismissal of the case.

Dated: July 24, 2014                                        HENSHAW LAW OFFICE

/s/ David S. Henshaw
David S. Henshaw Attorney for
Debtor in Possession 3616 ASSOCIATES, LLC

---

Memorandum of Points and Authorities in Support of Motion for Voluntary Dismissal of Chapter 11 Case
*In re: 3616 Associates, LLC*

Case: 13-55244    Doc# 61-1    Filed: 07/24/14    Entered: 07/24/14 10:08:05    Page 3 of 3

3